The Honorable Steve Napper State Representative 201 South Chester Street Little Rock, AR 72201-2015
Dear Representative Napper:
You have requested an Attorney General opinion concerning term limits for county officers. You have asked:
 Does the Arkansas Supreme Court's decision in Allred v. McLoud,
343 Ark. ___, ___ S.W.3d ___ (November 30, 2000), render invalid a 1996 Pulaski County initiative measure that limited the terms of elected county officials?
RESPONSE
It is my opinion that the court's decision in Allred renders the Pulaski County term limits measure (as you have described it) subject to challenge.[1] However, until the measure has been challenged and stricken by a court, it will remain viable and enforceable.
In Allred, the Arkansas Supreme Court considered a challenge to a measure that was similar to the Pulaski County term limits measure (as you have described the Pulaski County measure). The measure under consideration inAllred had been approved by the voters of Madison County. That measure provided that elected county officials would be limited to five two-year terms, after which they would be ineligible to serve. The court held that because this term limitation constituted an eligibility requirement for holding county office, it was in conflict with the eligibility requirements stated in the state constitution (e.g., Art. 7, §§ 29, 41; Art. 19, § 3) and in the state statutes (e.g., A.C.A. §§ 7-7-101;7-5-207; 14-14-1301). It was therefore contrary to state law, in violation of Amendment 7 of the Arkansas Constitution, which states that "no local legislation shall be enacted contrary to the Constitution or any general law of the State[.]"
The defendants argued that the county was empowered to enact such a limitation, by virtue of Amendment 55, § 2 of the Arkansas Constitution, which states:
 (b) The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action.
Ark. Const., Am. 55, § 2(b).
The court rejected this argument, pointing out that whereas Amendment 55, § 2 addresses county offices, the county's term limit measure addressed the people who run for those offices. Amendment 55, therefore does not provide authority for counties to create qualifications (such as term limits) for holding county office that are in addition to the qualifications stated in the constitution and in the state statutes.
Although I have not been provided with a copy of the Pulaski County term limits measure that you have described, that measure, as you describe it, appears to suffer from the same infirmities as the Madison County measure that the court struck down in Allred. You state that the Pulaski County measure provided that elected county officials would be limited to four two-year terms. If, under the provisions of the measure, officials would be ineligible to serve after having served four two-year terms, the term limitation provision would, like the term limitation provision in the Madison County measure in Allred, constitute a locally-imposed eligibility requirement that would be contrary to the eligibility requirements stated in the Arkansas Constitution and in the state statutes. If the Pulaski County measure indeed operates in this manner, a court considering it would be bound to follow the Allred decision and hold the measure to be contrary to state law, and thus in violation of Amendment 7 to the Arkansas Constitution.
It should be noted, nevertheless, that until the Pulaski County measure has been challenged and stricken down by a court, it remains viable and enforceable. Every legislative act, whether state or local, is entitled to a presumption of constitutionality, and the burden of proving unconstitutionality rests upon the challenger. Sera v. State,341 Ark. 415, 17 S.W.3d 61 (2000); Carney v. State, 305 Ark. 431,808 S.W.2d 755 (1991). The court has been unwilling to declare a legislative act unconstitutional without a full adjudication that gives all interested parties the opportunity to be heard. See Carney, supra; City ofLittle Rock v. Cash, 277 Ark. 494, 512, 644 S.W.2d 229, 237 (1982), citing A.C.A. § 16-11-106 (requiring all parties interested in a declaratory judgment to be notified of the challenge proceeding, and requiring that a city whose ordinance is being challenged be made a party to the proceeding).
Accordingly, I conclude that until the Pulaski County term limits measure has been challenged and stricken by a court, it will remain viable. However, it is my opinion that if the measure were challenged (and assuming that it operates in the same manner as the Madison County term limits measure), the Allred decision would require that it be held unconstitutional.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that my predecessor opined that county ordinances creating term limits for elected county officials were permissible. See Ops. Att'y Gen. Nos. 98-008; 95-293. Those opinions were rendered prior to the Allred decision and have now been superseded by that decision.